UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA

                              1:20-CR-81 WMS (MJR)
                              DECISION AND ORDER

v.

JOHN C. TUFINO,

                Defendant.

---

This case has been referred to the undersigned by the Hon. William M. Skretny pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 26)

## BACKGROUND

On June 9, 2020, a federal grand jury in the Western District of New York returned an indictment against John C. Tufino ("defendant" or "Tufino") charging one count of Felon in Possession of a Firearm and Ammunition, in violation of Sections 922(g)(1) and 924(a)(2) of Title 18 of the United States Code (the "Indictment"). (Dkt. No. 25) The Indictment alleges that on December 18, 2018, Tufino, knowing that he had previously been convicted of crimes punishable by a term of imprisonment exceeding one year, unlawfully possessed a Colt, Model Trooper MK III, .357 Magnum revolver as well as four .357 MAG caliber rounds of ammunition and one .357 MAG caliber round of ammunition. (*Id.*) The Indictment also includes a forfeiture allegation with respect to the firearm and five rounds of .357 caliber ammunition, pursuant to Sections 924(d) and 3665 of Title 18 of the United States Code and Section 2461(c) of Title 28 of the United States Code. (*Id.*)

Presently before the Court are Tufino's pre-trial motions for: (1) discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure; (2) disclosure of evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609; (3) disclosure of *Brady* materials; (4) disclosure of *Jencks* materials; (5) preservation of rough notes; and (6) leave to file additional motions. (Dkt. No. 32) The Government filed responses to defendant's pretrial motions on September 15, 2020, which included a request for reciprocal discovery. (Dkt. No. 35) Oral argument on the motions was scheduled to take place on September 28, 2020. On September 25, 2020, defense counsel requested, and was granted, a thirty-day adjournment of the oral argument date in order to review additional discovery recently produced by the Government. (Dkt. Nos. 37, 38) After receiving notification from defense counsel on October 27, 2020 that portions of defendant's pretrial motions were moot in light of the Government's production of additional discovery, the Court cancelled the oral argument and considered the matter submitted, on the papers, as of October 28, 2020. (Dkt. No. 40) The Court's decisions as to defendant's omnibus discovery demands as well as the Government's request for reciprocal discovery are set forth in detail below.

## DISCUSSION

1. *Rule 16 Discovery*

Tufino moves for discovery and inspection pursuant to Federal Rule of Criminal Procedure 16. (Dkt. No. 32, pgs. 2-5) Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d

126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; and (5) information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. See Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." See Fed. R. Crim. P. 16(a)(2).

Pursuant to Rule 16, Tufino requests, *inter alia*, chain of custody evidence; items seized on the day of his arrest; copies of physical or mental examinations; body camera footage; scientific test results and laboratory reports; photographs; audio and video recordings including any available body camera footage; communications between state and federal law enforcement authorities; and the names and qualifications of any Government expert witnesses as well as the anticipated subjects of their testimony. (Dkt. No. 32, pgs. 2-3) Tufino acknowledges that the Government has provided him with relevant DNA reports and evidence. (*Id.* at 3) However, Tufino requests additional DNA evidence including, *inter alia*, complete copies of the DNA case file with laboratory reports; commercial software used to test the DNA; copies of all data files used to perform the DNA analysis; frequency tables, reports and print-outs related to the DNA testing; records of any instances of unintended DNA transfer or sample contamination; laboratory protocols used in connection with the testing; chain of custody information; and the licensing and credentials held by the DNA laboratory. (*Id.* at pg. 4)

In response, the Government states that it has provided or made available substantial voluntary discovery which both meets and exceeds the requirements of Rule 16. (Dkt. No. 35, pgs. 1, 6-8) This discovery includes, *inter alia*, recorded statements; reports by state and local law enforcement; tangible objects, documents or photographs; body camera footage from Tufino's arrest, and any transcripts prepared based upon the body camera footage.[1] (*Id.*) The Government submits that it has complied with or will comply with all expert disclosure requirements set forth in the Federal Rules of Criminal Procedure and Federal Rules of Evidence, and that it will provide the *curriculum vitae* of its expert witnesses and summaries of their anticipated testimony in accordance with the requirements of the District Court's pre-trial order. (*Id.* at 9) The Government further represents that it will continue to provide any discoverable materials in conformity with Rule 16 and in response to any reasonable requests by defendant. (*Id.* at pgs. 6-8) The Government also represents, pursuant to Federal Rule of Criminal Procedure 12(b)(4), that it intends to use, in its case in chief at trial, all items that have been provided to or made available to defendant. (*Id.* at pgs. 1-2, 16)

In response to Tufino's request for additional DNA evidence, the Government states that it has disclosed the results of all scientific examinations or tests pursuant to Rule 16(a)(1)(F), including the forensic laboratory results from the seized firearm as well as all results and reports of DNA testing related to this case. (Dkt. No. 35, pg. 9) The Government further submits that it will provide any additional laboratory reports to defense counsel immediately upon receipt. (*Id.*) The Government also indicates that it

---

[1] The Government notes that because of the "sensitive nature" of the body camera footage, the recordings have been made available for defense counsel to review at the United States Attorney's office. (Dkt. No. 35, pg. 8)

4

will provide the case file related to the DNA evidence and testimony as well as the pertinent chain of custody evidence when it discloses materials pursuant to 18 U.S.C. §3500. (*Id.* at pgs. 2-3) The Government contends that to the extent Tufino is requesting additional DNA evidence or discovery in the form of laboratory certifications or internal documentation and methods of analysis, the requests are overbroad and fall outside the scope of Rule 16. (*Id.* at pgs. 2-6)

After defendant filed his omnibus motions, which included the requests for additional DNA discovery described above, and the Government responded, defense counsel requested an adjournment of the oral argument date. (Dkt. No. 37) In his adjournment request, defense counsel indicated that his omnibus motions sought additional DNA discovery and that "the Government recently turned over additional DNA discovery that [he] believes fulfills that request." (*Id.*) Defense counsel then requested additional time to review those materials and discuss them with Tufino. (*Id.*) The Court granted the extension request and oral argument was rescheduled for October 28, 2020. (Dkt. No. 38) On October 27, 2020, defense counsel contacted the Court and indicated that the Government had provided the additional DNA evidence sought by defense counsel, and therefore counsel believed this aspect of defendant's motion was now moot.[2]

Based upon all of the representations made by the Government in their written responses to defendant's omnibus motions, defendant's request for discovery pursuant to Rule 16 is denied as moot. Also, based upon (1) the representations made by the

---

[2] Defense counsel made this disclosure to the Court via email, and copied counsel for the Government on the communication. After receiving this email, the Court issued an order on October 28, 2020 indicating that it would consider the matter submitted on the papers. (Dkt. No. 40)

Government in their written responses to defendant's request for additional DNA discovery; (2) the representations made by defense counsel in his request for adjournment of the oral argument date; and (3) the representations made by defense counsel in his October 27, 2020 communication with the Court, the Court denies defendant's request for additional DNA discovery as moot. The Government is reminded that its disclosure obligations pursuant to Rule 16 continue up through and during trial. See Fed. R. Crim. P. 16(c). The Government should continue to comply with Rule 12 if and when new evidence becomes available and is anticipated to be used at trial. Further, the Government is directed to comply with all requirements of expert witness disclosure contained in Federal Rule of Criminal Procedure 16(a)(1)(g), Rules 702, 703 and 705 of the Federal Rules of Evidence, and the District Court's pretrial order.

    2.    *Disclosure of Evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609*

Tufino moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 32, pgs. 5-6) Tufino also moves for pretrial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*) The Government states that it will disclose any evidence in its possession which might fall under the ambits of Rules 404(b), 608, and 609 when ordered to do so by the trial court. (Dkt. No. 35, pg. 10-11)

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. See Fed. R. Evid. 404(b). Based upon the Government's representation that it will disclose Rule 404(b) evidence and impeachment evidence when required to do so by the District Court, Tufino's motion is denied as moot. The issue of admissibility of

evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609 is left to the determination of Judge Skretny at the time of trial.

3. *Disclosure of Brady Materials*

Tufino moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady*, *Giglio* and their progeny. (Dkt. 32, pgs. 6-9)

The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment, even when no affirmative request has been made. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill*, 297 F.3d 93, 104 (2d Cir. 2002). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

Here, the Government affirms its duty to provide defendant with exculpatory evidence, as well as evidence that the defense might use to impeach government

witnesses at trial. (Dkt. No. 35, pgs. 11-12) The Government also indicates that it is aware of its obligations and responsibilities under *Brady* and acknowledges its continuing duty under *Brady* to produce such material. (*Id*. at 12) The Government states that it will provide *Giglio* material, *i.e.*, promises of leniency or immunity agreements with government witnesses; plea and/or non-prosecution agreements and letters or memorandum of understanding regarding such; criminal arrest records of prosecution witnesses; immoral, vicious or criminal acts committed by witnesses; prior inconsistent statements; any payments to witnesses or family members thereof; and all other promises or consideration given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court and no later than when the Government produces and delivers materials pursuant to 18 U.S.C. § 3500. (*Id*. at 13)

Given the Government's representations, Tufino's motion to compel the production of *Brady/Giglio* material is denied as moot. The Government is reminded of its continuing *Brady* obligations and, consistent with *Coppa*, the Government shall timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, 14-CR-00224, 2016 WL 5402696, at *4 (W.D.N.Y. Sept. 28, 2016).

    4.    <u>Disclosure of Jencks Materials</u>

Tufino requests pre-trial disclosure of witness statements. (Dkt. No. 32, pgs. 10-12)

The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the government, on motion of defendant,

disclose a government witness's prior statements that are in the government's possession and relate to the subject matter of the witness's direct testimony ("3500 material"). *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government responds that it will endeavor to disclose all 3500 material before such material is required to be produced by law, and in accordance with the District Court's pretrial order. (Dkt. No. 35, pg. 14) In light of these representations, defendant's request for early disclosure of *Jencks* material is denied as moot.

5. *Preservation of Rough Notes*

Tufino moves for an order requiring all federal, state or local agents and officers who participated in the investigation to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of the notes are incorporated in official records. (Dkt. No. 10, pg. 12) Tufino also requests that the Court direct the Government to preserve notes made by Government witnesses, including state or local authorities, in the event they later become discoverable as either defendant's statement or that of another witness. (*Id.*) The Government responds that it has no objection to defendant's request that government agents retain notes taken during the investigation. (Dkt. No. 35,

pg. 14-15) The Court grants defendant's motion and directs the Government to arrange for the preservation of all rough notes.

      6.    <u>Leave to File Additional Motions</u>

Tufino moves to reserve the right to make further motions as necessary. (Dkt. No. 32, pg. 13) To the extent that defendant intends to bring motions based upon new information or evidence that has not yet been disclosed, his request for leave to file additional motions is granted. To the extent that defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline, defendant's request is denied without prejudice to bring the motion upon a showing of good cause for the untimely filing.

      7.    <u>Government's Request for Reciprocal discovery</u>

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of defendant and which defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (Dkt. No. 35, pg. 16) The Government also requests that, pursuant to the District Court's pretrial order, defendant provide a summary of any testimony he intends to introduce pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. (*Id.*) The Government's motion for reciprocal discovery is granted, and defendant is reminded that his disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

## CONCLUSION

For the foregoing reasons, defendant John C. Tufino's pre-trial motions (Dkt. No. 32) are decided in the manner set forth above. The Government's request for reciprocal discovery (Dkt. No. 35) is granted. The parties are directed to contact Judge Skretny's chambers to schedule a trial date.

**SO ORDERED.**

Dated:   November 23, 2020
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge