UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                    **DECISION AND ORDER**
                                              20-CR-81S

JOHN C. TUFINO,

          Defendant.

---

## I. INTRODUCTION

Presently before this Court is Defendant John C. Tufino's motion to dismiss the indictment on speedy trial grounds under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the Sixth Amendment to the United States Constitution.[1] (Docket Nos. 54, 64, 65.) For the reasons discussed below, Tufino's motion is denied.

## II. DISCUSSION

Tufino argues that dismissal is required because his rights to a speedy trial under the Speedy Trial Act and the Sixth Amendment have been violated. The government maintains that no such violations have occurred.

### A.    Tufino's Speedy Trial Act Claim

---

[1] Tufino filed two speedy-trial motions. First, counsel filed a *pro se* motion that Tufino previously prepared and sent directly to the court in May 2020. See Docket No. 54. The court did not initially act on that motion because it does not adjudicate *pro se* motions filed by represented defendants, and Tufino has been represented by counsel since the outset of this prosecution. See United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989) ("a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney"); Ennis v. LeFevre, 560 F.2d 1072, 1075 (2d Cir. 1997) (stating that the right to appear *pro se* and the right to appointed counsel cannot be exercised at the same time). Second, counsel filed a supplement to Tufino's speedy-trial motion. See Docket No. 64. Both motions are resolved herein.

1

The Speedy Trial Act requires the government to bring criminal defendants to trial within 70 days of their first appearance before a judicial officer or the filing of an indictment, whichever is later. See 18 U.S.C. § 3161 (c)(1); see also United States v. Oberoi, 295 F. Supp. 2d 286, 289 (W.D.N.Y. 2003). In the event the defendant is not brought to trial within the 70 prescribed days, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162 (a)(2). On such a motion, the defendant bears the burden of proving a Speedy Trial Act violation. See 18 U.S.C. § 3162 (a)(2) (providing that "[t]he defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161 (h)(3)"); United States v. Adams, 448 F.3d 492, 503 (2d Cir. 2006).

The Speedy Trial Act excludes certain periods of delay from the Speedy Trial clock. For instance, the 70-day period is automatically tolled for the duration of any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or the other prompt disposition of, such motion." 18 U.S.C. § 3161 (h)(1)(D). It is also, for example, tolled for delay attributable to a co-defendant and to interlocutory appeals. 18 U.S.C. §§ 3161 (h)(6) and (h)(1)(C). Also excludable is "any period of delay . . . if the judge . . . find[s] that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Under this exclusion, the court must "set[] forth, in the record of the case, either orally or in writing, its reasons [for so finding]." Id. Again, it is the defendant's burden to prove a Speedy Trial Act violation.

Here, Tufino has failed to meet his burden. The record reflects that since the filing of the criminal complaint on March 4, 2019, and the subsequent filing of the indictment on June 9, 2020, the court has properly excluded time under the Speedy Trial Act. The docket entries reflect consistent exclusions of time, none of which Tufino specifically challenges. See Docket Nos. 2, 6, 8, 12, 14, 18, 20, 24, 30, 31, 44, 47, 50, 57, 60. Tufino's only argument concerning the Speedy Trial Act is that he objects to the exclusions, but he offers no basis for his objection. See Motion to Dismiss, Docket No. 54-1, ¶¶ 3-4. In the absence of any meaningful showing that a Speedy Trial Act violation has occurred, Tufino's motion seeking dismissal of the indictment on Speedy Trial Act grounds must be denied.

**B.     Tufino's Sixth Amendment Claim**

"In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend VI. "Although unusual, it is possible for a delay that does not violate the [Speedy Trial Act] to run afoul of the Sixth Amendment's guarantee of a speedy trial." United States v. Stone, No. 05-CR-401, 2006 WL 436012, at *6 (E.D.N.Y. Feb. 22, 2006).

The Sixth Amendment guarantee "is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." United States v. MacDonald, 456 U.S. 1, 8, 102 S. Ct. 1497, 71 L. Ed. 2d 696 (1982); see United States v. Ewell, 383 U.S. 116, 120, 86 S. Ct. 773, 776, 15 L. Ed. 2d 627 (1966) (describing the speedy-trial guarantee as "an important safeguard to prevent undue and oppressive

3

incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself").

Society has an interest in speedy trials as well.  See United States v. Black, 918 F.3d 243, 253 (2d Cir. 2019) ("Pursuant to the Sixth Amendment, the court and the government owe an "affirmative obligation" to criminal defendants and to the public to bring matters to trial promptly.").  Speedy trials limit an accused's ability to leverage a court's backlog of cases to obtain a more advantageous plea resolution; protect the community by reducing a non-detained accused's opportunity to commit other crimes; shorten the time available to abscond; increase the opportunity for effective rehabilitation by minimizing delay between arrest and punishment; and reduce the expense and overcrowding concerns attendant to pretrial incarceration.  See Barker v. Wingo, 407 U.S. 514, 519-20, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) (explaining the societal interest as "exist[ing] separate from, and at times in opposition to, the interests of the accused"); Black, 918 F.3d at 254 (recognizing the societal interest "in the fair and efficient operation of the criminal justice system and in limiting the costs to the community of pretrial detention and its deleterious effects"); United States v. Ghailani, 733 F.3d 29, 41 (2d Cir. 2013) (recognizing that "the public has an interest in quickly bringing defendants to trial to prevent a backlog of cases that might permit dangerous criminals to linger unsupervised for extended periods of time while on bail, delay rehabilitation, and otherwise hinder the criminal justice system").

Partly because of these often dueling interests, the speedy-trial right has been

described as "amorphous," "slippery," and "necessarily relative."  Barker, 407 U.S. at 522 (quoting Beavers v. Haubert, 198 U.S. 77, 87, 25 S. Ct. 573, 576, 49 L. Ed. 950 (1905)). "It is consistent with delays and depends upon circumstances."  Beavers, 198 U.S. at 87. The right therefore cannot be measured in a finite number of days, months, or years, "largely because what may be considered 'speedy' is necessarily dependent on the nature of the trial and the parties' interests in the given case."  Ghailani, 733 F.3d at 41; see Barker 407 U.S. at 521 ("It is . . . impossible to determine with precision when the right has been denied.  We cannot definitively say how long is too long in a system where justice is supposed to be swift but deliberate."); Ewell, 383 U.S. at 120 ("A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself."); United States v. Ray, 578 F.3d 184, 191 (2d Cir. 2009) (noting that the right "neither prohibits all delays, nor establishes a strict time limit between the announcement of a charge and the commencement of trial").

Rather, a balancing test is employed to shape the contours of the speedy-trial right. The United States Supreme Court first set forth this test in Barker, where it outlined four factors to be weighed in assessing a speedy-trial claim: the length of delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant.  407 U.S. at 530.  These factors must be considered together, as none alone has the "talismanic" quality sufficient to find deprivation of the speedy-trial right.  Id. at 533.  The Barker balancing process, to which this Court will soon turn, is difficult and sensitive, but must be carried out with "full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution."  Id.  If the speedy-trial right is violated,

5

dismissal of the charges with prejudice is mandatory.  Strunk v. United States, 412 U.S. 434, 440, 93 S. Ct. 2260, 37 L. Ed. 2d 56 (1973).

Finally, the government and the court share the burden of bringing criminal cases to trial promptly.  See United States v. New Buffalo Amusement Corp., 600 F.2d 368, 378 (2d Cir. 1979); United States v. Vispi, 545 F.2d 328, 334 (2d Cir. 1976).  But "[t]his burden weighs particularly heavily on the government, which 'owe[s] the additional duty of monitoring the case and pressing the court for a reasonably prompt trial.'"  Black, 918 F.3d at 255 (quoting Vispi, 545 F.3d at 334).  And where the delay is substantial, the government bears the burden of proving that the delay was justified and that the defendants' speedy-trial rights were not violated.  New Buffalo Amusement, 600 F.2d at 378; United States v. Tigano, 880 F.3d 602, 612 (2d Cir. 2018).

This Court now turns to the Barker factors.

**1. Length of Delay**

The length of delay between accusation and trial is a triggering mechanism: "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."  Barker, 407 U.S. at 530.  The Supreme Court recognizes delay approaching 12 months to be presumptively prejudicial.  See Doggett v. United States, 505 U.S. 647, 652, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992). The delay here has thus far been approximately 26 months, which is sufficient to trigger additional review.

**2. Reasons for the Delay**

The government and the court have affirmative duties "to monitor the progress of a criminal case toward disposition and to take steps to avoid unnecessary delay where possible." Tigano, 880 F.3d at 613; see Vispi, 545 F.2d at 334 ("We have repeatedly emphasized that affirmative action by the government in bringing cases to trial is mandated and that it cannot escape this duty on the ground that the delay is for institutional reasons.") (citations omitted). The reasons for delay are therefore carefully scrutinized, with different weight afforded to different reasons according to the type of delay. Barker, 407 U.S. at 530-31. Three types of delay are recognized: deliberate; neutral; and valid. Id. at 531. Deliberate delay designed to hamper the defense is weighted heavily against the government. Id. Neutral delays, such as negligence or overcrowded courts, are weighted less heavily, yet still against the government. Id. Valid reasons for delay "are taken off the scale entirely." Tigano, 880 F.3d at 612.

Here, there is no detectable deliberate delay. Rather, the delay is comprised of neutral and valid delay attendant to a federal criminal prosecution. Time is, of course, necessary for plea discussions, discovery, motion practice, and the like. On multiple occasions, the parties jointly moved to extend the Rule 48 (b) dismissal deadlines, see Docket Nos. 6, 8, 14, 20, and Tufino himself moved to adjourn the Rule 48 (b) dates and for other pretrial relief, see Docket Nos. 16, 32, 37. And while Tufino argues that the government should be charged for delay attributable to two instances where he was not produced for status conferences, see Docket Nos. 6 and 8, the record reflects that Tufino's absence had no effect on the progress of the case and resulted in no unnecessary delay, as each time counsel waived his appearance and jointly moved for

extension of the Rule 48 (b) deadlines.   Other delay included some related to the COVID-19 pandemic, though the record reflects consistent court conferences during the height of the pandemic as the court worked to resolve all pretrial matters.   See United States v. Akhavan, 20-cr-188 (JSR), 2021 WL 797806, at *5 (S.D.N.Y. Mar. 1, 2021) (finding delay due to the COVID-19 pandemic to be "a neutral reason [for delay] outside of the Government's control"); United States v. Zhukov, 18-CR-633 (EK), 2020 WL 6302298, at *3 (E.D.N.Y. Oct. 27, 2020) (finding delay attributable to the COVID-19 pandemic to be "surely beyond the prosecution's control").   In sum, the delay thus far has been predominantly valid delay, with only negligible, if any, neutral delay chargeable to the government.

### 3. Defendant's Assertion of the Right

The effort a defendant makes to assert his speedy-trial right is closely related to the other factors in the test.   Barker, 407 U.S. at 532.   If a defendant is seriously being deprived of his right, he is more likely to vigorously assert it, and such an assertion is given strong evidentiary weight.   Id.   But the inverse is also true: failure to assert the right in a timely manner will be weighed against the defendant.   See id.; see also Rayborn v. Scully, 858 F.2d 84, 93 (2d Cir. 1988) (finding that a "lack of timeliness, vigor or frequency" in asserting speedy-trial rights undercuts a later claim). The Supreme Court makes clear that this inquiry is sensitive and complex, and must consider how and when a defendant knew of the charges against him, if a defendant has obtained counsel, and if a delay benefits the defendant and thus dissuades him from invoking his right.   Barker, 407 U.S. at 528-29.

Here, Tufino arguably first raised speedy-trial objections in April 2020, more than 12 months into the prosecution, when he objected to the government's request to further extend the Rule 48 (b) deadline. See Docket No. 22, ¶ 3. He then submitted his *pro se* speedy-trial motion in May 2020. See Docket No. 54-1. Yet for the majority of the prosecution, Tufino has repeatedly agreed to adjournments as he engaged in discovery, weighed his plea options, and settled his representation. Thus, while the record demonstrates that Tufino asserted his speedy-trial right, it also reveals that he did so selectively. See Rayborn, 858 F.2d at 93 (finding that lack of vigor and frequency in asserting speedy-trial right undercuts a later claim).

### 4. Prejudice to Defendant

Prejudice to the defendant is assessed in light of the interests the speedy-trial right is designed to protect. Barker, 407 U.S. at 532. The Supreme Court has identified three such interests: to prevent oppressive pretrial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that the defense will be impaired. Id. The most serious of these interests is the last because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id. Yet the last factor need not always be present: "[a]ffirmative proof of impairment of the defense is not required in order to find a Sixth Amendment violation." Tigano, 880 F.3d at 617 (citing Doggett, 505 U.S. at 655 ("affirmative proof of particularized prejudice is not essential to every speedy trial claim")).

Despite these considerations, however, courts are generally reluctant to find a speedy trial right violation in the absence of specific prejudice. See United States v.

9

Abad, 514 F.3d 271, 275 (2d Cir. 2008) (per curiam); Rayborn, 858 F.2d at 94; United States v. McGrath, 622 F.2d 36, 41 (2d Cir. 1980).  The Second Circuit "generally require[s] a showing of some significant trial-related disadvantage in order to establish a speedy-trial violation."  United States v. Cain, 671 F.3d 271, 297 (2d Cir. 2012); see New Buffalo Amusement, 600 F.2d at 379 (violation where witnesses crucial to defense could no longer be located, and other witnesses who previously had agreed to testify refused to do so); Vispi, 545 F.2d at 334-35 (violation where delay made locating old records and dealing with dimmed recollections "a formidable task"); United States v. Roberts, 515 F.2d 642, 646 (2d Cir. 1975) (violation where government's delay disqualified defendant for youthful offender status).

Addressing the first interest—the prevention of oppressive pretrial incarceration—it is significant to note that Tufino is not in primary federal custody, but rather, has been detained on a state parole warrant and revocation of parole sentence for the entirety of this prosecution.  See Memorandum of Law, Docket No. 65, p. 13.  Tufino therefore has no basis to contend prejudice from oppressive pretrial incarceration.

As to the second interest—minimization of anxiety and concern of the accused—there is no indication or evidence that Tufino is experiencing any heightened anxiety or concern as his case proceeds quite normally through the various prosecution stages.  He therefore demonstrates no prejudice on this front.

Finally, as to the third interest—limiting the possibility that the defense will be impaired—Tufino does not allege any specific impairment impeding his ability to present a defense.  He does not explain how his defense has suffered due to the time that has

passed, much of which inured to his benefit as he examined the government's evidence and attempted to negotiate a favorable plea disposition. There is thus no basis to find prejudice based on impairment of the defense.

\* \* \* \* \*

In this Court's view, consideration of the four Barker factors compels the conclusion that Tufino's Sixth Amendment speedy-trial rights have not been violated. None of the relevant factors weigh in his favor, and he has largely consented to the passage of time in this case. There is consequently no basis to dismiss the indictment on constitutional speedy-trial grounds.

## IV.   CONCLUSION

For the reasons stated above, this Court finds that Tufino's rights to a speedy trial under the Speedy Trial Act and the Sixth Amendment have not been violated. His motion to dismiss the indictment on speedy-trial grounds will therefore be denied.

## V.   ORDER

IT HEREBY IS ORDERED, that Defendant's Motions to Dismiss the Indictment (Docket Nos. 54, 64) are DENIED.

SO ORDERED.

Dated:   May 5, 2021
         Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge